**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PATRICIA ANN POWERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-3608 |
| | § | |
| TEXAS PROPERTY AND CASUALTY | § | |
| INSURANCE GUARANTY ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In this suit, Patricia Ann Powers apparently challenges an insurance company's refusal to pay her medical expenses.  The insurance company, Fremont Insurance Company,  provided worker's compensation coverage for Powers's former employer.  Because the insurance company is an "impaired insurer," the defendant is the Texas Property and Casualty Insurance Guaranty Association ("TPCIGA").[1]  The TPCIGA has moved to dismiss for lack of subject-matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1), and personal jurisdiction, *see* FED. R. CIV. P. 12(b)(2); because venue is improper, *see* FED. R. CIV. P. 12(b)(3); and because Powers fails to state a claim upon which relief can be granted, *see* FED. R. CIV. P. 12(b)(6).  The TPCIGA has also moved for a more definite statement under Rule 12(e).  Powers has not filed a response.[2]

The TPCIGA asserts that Powers's complaint arises from her claim for worker's compensation benefits for an injury she suffered in 1999.  (Docket Entry No. 5 at 2).  Powers's claim

---

[1]  Power has also named Marvin Kelly, the Executive Director of TPCIGA, as a defendant.  Kelly has not been served.

[2]  The motion was filed November 30, 2009.  Powers's response was due 21 days later, on December 21, 2009.  *See* SOUTHERN DISTRICT OF TEXAS LOCAL CIVIL RULE 7.3.

was denied by the Texas Department of Insurance, Division of Worker's Compensation ("DWC").

After losing an administrative appeal, Powers sought judicial review of the benefit denial under the

Texas Worker's Compensation Act.  *See* TEX. LABOR CODE §§ 410.251, 410.252.  Powers filed suit

in Texas state court on April 16, 2007.  *Powers v. Fremont Industrial Indemnity Co.*, No. 03-08-

0042-CV, 2009 WL 4456144 (Dec. 2, 2009, Tex. App.—Austin, no pet. h.).  On June 23, 2008, the

trial court dismissed Powers's suit as a sanction for her discovery abuse.  *Id.* at 1.  Powers appealed

on July 25, 2008.  *See Powers v. Fremont Industrial Indemnity Co.*, No. 03-08-0042, Docket Sheet.

Powers filed this federal suit while the state appeal was pending.  Her petition to proceed in forma

pauperis was granted on November 4, 2009.  (Docket Entry No. 1).  On December 2, 2009, the state

appellate court affirmed the trial court's decision to dismiss the case.  *Powers*, 2009 WL 4456144,

at *1-2.

 To the extent that Powers is challenging the denial of her claim in the DWC proceeding, this

federal suit is barred by limitations.  Any petition for judicial review of a DWC decision must be

filed "not later than the 40th day after the date on which the decision of the appeals panel was filed

with the [DWC]."  TEX. LABOR CODE § 410.2529(a).  The record does not reveal the specific date

on which the DWC decision was filed.  It is clear, however, that it was 40 days or less before April

16, 2007, the day Powers filed her state court suit challenging the DWC decision.  The TPCIGA

asserts that Powers timely filed that state court suit.  (*See* Docket Entry No. 5 at 2).  More than two

and a half years passed between that time and November 2009, when Powers filed her federal-court

suit.  This federal suit is untimely.[3]

---

[3]  To the extent Power's federal suit seeks review of the state court judgment, it will shortly be barred by the *Rooker-Feldman* doctrine as well.  That doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging "state-court judgments rendered before the district court proceedings commenced."  *Lance v. Dennis*, 546 U.S. 459, 460 126 S. Ct. 1198 (2006) (per

To the extent that Powers's present suit is not a challenge to the DWC decision but is instead a different worker's compensation claim, it is barred because Powers has failed to exhaust her state administrative remedies for such a claim.  The Texas worker's compensation statute makes judicial review available only after "[a] party has exhausted its administrative remedies" and is aggrieved by a final administrative decision.  TEX. LABOR CODE § 410.2521; *see also Myers v. Employers Ins. Of Wausau*, 264 F.3d 1142, 2001 WL 822782, at *1 (5th Cir. 2001) (per curiam) (unpublished) (citing *Ankrom v. Dallas Cowboys Football Club, Ltd.*, 900 S.W.2d 75, 77 (Tex. App.—Dallas 1995)) (under Texas law, "at least as regards a claim for denial of benefits, a plaintiff is only authorized to seek a judicial remedy once her administrative remedies are exhausted.").

The TPCIGA's motion to dismiss is granted.  This case is dismissed for lack of jurisdiction. An order of dismissal is separately entered.[4]

SIGNED on January 19, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005)).  *Rooker-Feldman* applies after state court proceedings have "ended," *Exxon-Mobil*, 125 S. Ct. at 1526, meaning that there is no further  opportunity for state appeals.  *See Nicholson v. Shafe*, 558 F.3d 1266, 1270-79 (11th Cir. 2009); *Dornheim v. Sholes*, 430 F.3d 919, 923-24 (8th Cir. 2005); *Federacion de Maestros v. Junta de Relaciones del Trabajo*, 410 F.3d 17, 24-28 (1st Cir. 2005);  *Rowley v. Wilson*, 200 Fed. App'x 274, 275 (5th Cir. 2006) (per curiam) (unpublished) ("At the time appellants filed this federal lawsuit, their state proceedings had not ended.  The state case was on appeal to the Louisiana appellate court.  Accordingly, the *Rooker-Feldman* doctrine is inapplicable").  Because it appears that Powers has not filed for rehearing by the Texas appellate court, any petition to the Texas Supreme Court is due 45 days after December 2, 2009, when the appellate judgment was rendered.  If that deadline passes without any appeal being filed, or if the Texas Supreme Court declines to hear Powers's case, or if it hears the case and affirms, the case will have "ended" and *Rooker-Feldman* will be yet another basis requiring dismissal of this case.

[4]  The motion to transfer venue and the motion for a more definite statement are denied as moot.