**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PATRICIA ANN POWERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-3608 |
| | § | |
| TEXAS PROPERTY AND CASUALTY | § | |
| INSURANCE GUARANTY ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In this suit, Patricia Ann Powers apparently challenges an insurance company's refusal to pay her medical expenses. The insurance company, Fremont Insurance Company, provided worker's compensation coverage for Powers's former employer. Powers sued the Texas Property and Casualty Insurance Guaranty Association ("TPCIGA") and the Executive Directory of TPCIGA, Marvin Kelly. On January 19, 2010, this court granted TPCIGA's motion to dismiss because the claims were time-barred or unexhausted. (Docket Entry No. 6). Kelly has now filed his own motion to dismiss. He has also requested, in the alternative, transfer of venue and a more definite statement. (Docket Entry No. 8). Powers has not responded.

The reasons for dismissal as to TPCIGA apply with equal force to the claims against Kelly. To the extent that Powers's suit is effectively another appeal of the administrative denial of her worker's compensation claim based on her 1999 injury, the claims are untimely. Texas law requires a person seeking judicial review of a denial of worker's compensation to file suit within 40 days after the final administrative appeal is decided. TEX. LABOR CODE § 410.2529(a). That happened some time in early 2007, this suit was not filed until November 2009. To the extent this suit is based

on a different worker's compensation claim, it is not properly before this court because Powers has

not exhausted her state administrative remedies, as required by Texas law.  *See* TEX. LABOR CODE

§ 410.2521; *see also Myers v. Employers Ins. Of Wausau*, 264 F.3d 1142, 2001 WL 822782, at *1

(5th Cir. 2001) (per curiam) (unpublished)  (citing *Ankrom v. Dallas Cowboys Football Club, Ltd.*,

900 S.W.2d 75, 77 (Tex. App.—Dallas 1995)) (under Texas law, "at least as regards a claim for

denial of benefits, a plaintiff is only authorized to seek a judicial remedy once her administrative

remedies are exhausted.").

Kelly's  motion to dismiss is granted.  This case is dismissed for lack of jurisdiction.  An

order of dismissal is separately entered.[1]

SIGNED on February 25, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1]    The motion to transfer venue and the motion for a more definite statement are denied as moot.